# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK J. ATKINSON | : | Civil Action No. 1:07CV353 |
| Plaintiff | : | (Judge Sandra S. Beckwith) |
| vs. | : | (Consolidated With Civil Action No. 1:06CV019) |
| CSX TRANSPORTATION, INC. | : | |
| Defendant | : | |

## MOTION OF DEFENDANT
## FOR SUMMARY JUDGMENT
___

Now comes the defendant and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court for summary judgment in the within action.

Grounds for the foregoing Motion are set forth in the accompanying Memorandum.

    Respectfully submitted,

*/s/ James L. O'Connell*
James L. O'Connell (#0009501)
LINDHORST & DREIDAME
312 Walnut Street, Suite 3100
Cincinnati, OH  45202-4048
Telephone:  (513) 421-6630
Facsimile:  (513) 421-0212
Email:  joconnell@lindhorstlaw.com
*Trial Attorney for Defendant,*
*CSX Transportation, Inc.*

**MEMORANDUM**

**Introduction**

The foregoing Motion is predicated upon the deposition of the Plaintiff taken on October 12, 2007. That deposition will soon be filed herein. Our Motion also utilizes all of the voluminous factual materials filed in support of a similar Motion in the companion case with which this action has been consolidated and in which the Plaintiff is represented by the same counsel who represents Mr. Atkinson.

As in the Borger case, we contend that the uncontroverted and uncontrovertable facts before the Court establish that certain essential elements of the Plaintiff's claim against his employer cannot be supported, namely foreseeability and actual or constructive notice/knowledge on the part of the Defendant. We again note that the Plaintiff, as a litigant and not a mere witness, is irrevocably bound by his sworn testimony under such cases as <u>Winkler vs. City of Columbus</u>, 149 Oh.St. 39, 77 N.E.2d 461 (1948).

**Undisputed Facts**

We will not recount here the undisputed facts which appear on pages 3 – 8 of the Borger Motion. Mr. Atkinson's deposition testimony parallels that of Mr. Borger as to the incident at Vandalia, Ohio, on June 21, 2004 (Atkinson deposition, pp. 34-48) and the conversations between Messrs. Borger and Atkinson and various CSX supervisors at Needmore Yard near Dayton following that incident (Atkinson deposition, pp. 57-64). Mr. Atkinson has had even less symptomatology and medical attention than Mr. Borger

(Atkinson deposition, pp. 76-78, 86-88) and has not seen any doctor for his sued-upon injuries since a few days after the occurrence (Atkinson deposition, p. 88).

Mr. Atkinson testified that he never saw, and never heard, any "leak" or "vapor" or anything out of the ordinary as train Q506 passed him (Atkinson deposition, pp. 39-41, 68, 69).  He simply harbors a "belief" that the offending smell came from that train because it appeared during its passage (Atkinson deposition, p. 38).  He could not tell from which car or cars the smell came, whether it emanated from one car or more than one car, the outlet or source of the smell on a car and where that car was in the train (Atkinson deposition, pp. 38-39).

On the critical points of notice, knowledge and foreseeability, Mr. Atkinson acknowledged that he cannot say whether or not the crew of Q506 had any awareness whatsoever of the smell before they reached Vandalia, or indeed until they were later asked to stop and inspect their train (Atkinson deposition, p. 68).  The Plaintiff then made these extremely significant admissions (Atkinson deposition, pp. 69-72):

> Q. As you sit here right now, is anything about this incident more known to you than it was when you filled out this report?
>
> A. Meaning have I found out anything afterwards?
>
> Q. Do you know any more now than you did then?
>
> A. No.
>
> Q. All right. Now let's – and again, all of this may be repetitious to some extent –
>
> A. Okay.
>
> Q. -- but let me just ask these questions anyhow.

488879v1

3

Q. With respect to the leak that you mention in box 30, you don't know what car it came from?

A. Correct.

Q. Or what part of that car?

A. Correct.

Q. Or where the leak first began?

A. Correct.

Q. Whether it started a mile from Vandalia or five miles from Vandalia or ten miles from Vandalie?

A. Correct.

Q. And you don't know how the leak occurred, whether something fell off, came off, or was forced out or in just what way the leak came into existence?

A. Correct.

Q. And where the car was when the leak first occurred?

A. Correct.

Q. Whether the car was at that time in the hands of CSX or in the hands of some other railroad or at an industry, you don't know that?

A. Correct.

Q. By the way, do you know who the consignor of the car was?

A. No.

Q. Or the consignee of the car?

A. No.

488879v1

4

> Q. Do you know whether anybody at CSX, before you experienced the smell, knew about the leak?
>
> A. I don't know for sure, but to me, somebody should have.
>
> Q. Why?
>
> A. Well, to me, common sense tells me that, you know, these things just don't happen in an instant. To me I would say that it was – it was a problem that started – it just persisted and to the state that, you know, something went wrong on that car.
>
> Q. Well, when did something go wrong?
>
> A. I don't know. I'm not –
>
> Q. It could have been five minutes before, couldn't it?
>
> A. It could have been five minutes before.
>
> Q. Okay. Was the leak leaking when the car left Queensgate?
>
> A. I wasn't at Queensgate at the time the train left.
>
> Q. So you don't know?
>
> A. So on that I don't know.
>
> Q. All right. And whether it was leaking when it passed through Needmore on the way north, you don't know that, either?
>
> A. No, I don't.

It is fair to say, therefore, that Mr. Atkinson's case suffers from the same fatal flaw as does Mr. Borger's. It should be governed by the same authorities cited on pages 8 – 12 of the Memorandum supporting the Borger Motion. One additional

488879v1

decision can be added:  <u>Hunter vs. Burlington Northern & Santa Fe Railway Company</u>, Tx. Ct. of App. No. 2-06-417-CV (2007), a copy of which is attached hereto.

## Conclusion

For the foregoing reasons and those set forth in the corresponding Motion in Borger, we urge the Court to grant the foregoing Motion and to enter final judgment in this action in favor of the Movant.

Respectfully submitted,

/s/ James L. O'Connell
James L. O'Connell (#0009501)
LINDHORST & DREIDAME
312 Walnut Street, Suite 3100
Cincinnati, OH  45202-4048
Telephone:   (513) 421-6630
Facsimile:   (513) 421-0212
Email:    joconnell@lindhorstlaw.com
*Attorney for Defendant,*
*CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Brian Reddy, Esq.
E.J. LEIZERMAN & ASSOCIATES, LLC
717 Madison Avenue
Toledo, Ohio  43624
*Attorneys for Plaintiff*

/s/ James L. O'Connell
James L. O'Connell
Attorney at Law

488879v1

6